

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,151-03

### EX PARTE JESUS AYALA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2003CRS000058-D4(B) IN THE 406TH DISTRICT COURT FROM WEBB COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of multiple child-sex offenses and was sentenced to imprisonment.

Applicant contends that he is actually innocent. In support, he presents a letter purportedly written by a doctor who examined the victim and a sworn statement purportedly made by the victim recanting her allegations. The State contests the authenticity of both documents and presents various arguments why the documents appear to be fabricated. There are no findings from the trial court regarding the authenticity of the documents. Although both documents contain contact information

for the document's writers, the habeas record does not indicate whether these persons were contacted to verify whether the documents purportedly made by them are authentic.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall gather evidence and make findings of fact regarding whether the documents Applicant has presented are authentic or fabricated. If the trial court determines that either document is authentic, it shall make further findings as to whether the evidence presented in the document(s) is newly available to Applicant. *See Ex parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006). If the trial court determines that Applicant has presented authentic, newly-available evidence, it shall hold an evidentiary hearing on Applicant's claim of actual innocence. *See Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Tuley*, 109 S.W.3d 388 (Tex. Crim. App. 2002).

If an evidentiary hearing is required, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If there is an evidentiary hearing, the trial court shall make credibility determinations and enter findings resolving whether, by "clear and convincing evidence ... a jury would acquit" Applicant in light of the new evidence when that evidence is weighed against the evidence of guilt. *Ex parte Elizondo*, *supra*; *Ex parte Tuley*, *supra*. The trial court may also make any other findings and conclusions it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 7, 2018
Do not publish